# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BRIAN A. CAMPBELL (# 88648-079)**                                  **PETITIONER**

**v.**                                           **No. 1:09CV25-A-D**

**LAWRENCE KELLY, ET AL.**                                            **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Brian A. Campbell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Campbell has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and Campbell's petition dismissed as untimely filed.

## Facts and Procedural Posture

The Petitioner, Brian A. Campbell, is in the custody of the Federal Bureau of Prisons at the United States Penitentiary-Canaan in Waymart, Pennsylvania. On July 23, 2001, Campbell pled guilty in the U.S. District Court of Kansas to bank fraud. He was sentenced to serve forty-one (41) months in the custody of the U.S. Bureau of Prisons (Cause No. 6:99-CR-10113-001). State Court Record ("SCR"), Vol. 1, p. 33. On September 5, 2002, Campbell pled guilty in the Circuit Court of Lowndes County, Mississippi, to one (1) count of felony false pretense. At that time Campbell was ordered to serve one (1) year in the custody of the Mississippi Department of Corrections, and two (2) years post-release supervision, and said sentence was ordered to be served consecutively to any other sentence (Circuit Court No. 2001-326-CR1). SCR, Vol. 1, p. 11-15. According to the Federal Bureau of Prisons, Campbell completed his District of Kansas

federal sentence on October 20, 2003. At that time he was taken into the custody of the U.S. Marshal's Service until, on September 1, 2004, Campbell entered a guilty plea in the U. S. District Court of the Northern District of Alabama to one (1) count of felon in possession of a firearm. At that time he was sentenced to serve ninety-six (96) months in the custody of the U.S. Bureau of Prisons (Case No. 7:09-CR-00618-LSC-RRA). This sentence was ordered to run consecutively to the sentence imposed by the U.S. District Court of Kansas in Case No. 6:99-CR-10113-001. According to the Federal Bureau of Prisons, Campbell is currently serving his federal sentence for his Alabama conviction and has a projected release date of December 26, 2010. In the current *habeas corpus* petition, Campbell challenges only his Mississippi conviction.

Campbell filed a motion for post-conviction collateral relief in Lowndes County Circuit court on March 18, 2006 (signed February 27, 2006), alleging that his guilty plea was not knowingly, intelligently, or voluntarily made, and also alleging ineffective assistance of counsel. SCR, Vol. 1, p. 18-32. The circuit court dismissed the motion on May 18, 2006. SCR, Vol. 1, p. 40. Campbell appealed the dismissal to the Mississippi Supreme Court, and on August 21, 2007, the Mississippi Court of Appeals affirmed the dismissal and found that the motion was also time-barred and successive. *Campbell v. State,* 963 So.2d 573 (Miss. App. 2007) (Cause No. 2006-CP-00959-COA). Campbell did not seek rehearing or a writ of certiorari.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea, MISS. CODE ANN. § 99-35-101; however, the Mississippi Supreme Court permits appeal from a guilty plea when the issue concerns an illegal sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Thus, Campbell's judgment became final on October 5, 2002, thirty (30) days after he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)(holding that a conviction becomes final when the time for direct appeal has expired). Therefore, Campbell's deadline for filing a federal *habeas corpus* petition was one year later on October 6, 2003 (as October 5, 2003, was a Sunday). He did not file a state post-conviction motion before this deadline expired; as such, he did not enjoy statutory tolling under 28 U.S.C. § 2244(d)(2). *See Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th

Cir. 1998). Thus, the deadline for seeking federal *habeas corpus* relief remains October 6, 2003.

Under the "mailbox rule," Campbell's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 20, 2009, and the date it was received and stamped as "filed" in the district court on January 26, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,933 days (more than five years) after the October 6, 2003, filing deadline. Campbell does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition is therefore dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 1st day of February, 2010.

        **/s/ Sharion Aycock**
        **U.S. DISTRICT JUDGE**